IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MONTEZ ARTIS, #B84281, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24-cv-00078-SMY |
| | ) |
| WARDEN DAVID MICHELL,[1] | ) |
| OFFICER HILL, | ) |
| NURSE BRIANN,[2] | ) |
| C/O JOHN DOE 1, and | ) |
| I/A OFFICER JOHN DOE 2, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Montez Artis, an inmate in the Illinois Department of Corrections and currently incarcerated at Pinckneyville Correctional Center, filed this civil rights action under 42 U.S.C. § 1983 for alleged constitutional deprivations stemming from his attack by another inmate. He seeks monetary and injunctive relief.[3] This matter is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires dismissal of any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. *See* 28 U.S.C. § 1915A(a)-(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 10-14): Prior to his transfer to Pinckneyville Correctional Center on June 7, 2023, Plaintiff was housed in a permanent

---

[1] Plaintiff identifies this individual as Warden "Michell" in the case caption and "Mitchell" throughout the Complaint.
[2] Plaintiff refers to this defendant as "Briann" in the case caption and "Briann or Brianna" throughout the Complaint.
[3] Plaintiff requests a permanent single-man cell. (Doc. 1, p. 15). He does not invoke Rule 65 of the Federal Rules of Civil Procedure or request interim injunctive relief in the form of a temporary restraining order or preliminary injunction. The Court construes this request as one for permanent injunctive relief at the close of the case.

1

one-man cell for eighteen months at Pontiac Correctional Center. *Id*. at 10. His "one-man cell" status was cancelled when he arrived at Pinckneyville, and he was assigned to a small cell with a violent cellmate named Raymond Cheatham. Plaintiff pleaded for reinstatement of his one-man cell status, but staff denied his request "often." *Id*.

Inmate Cheatham became upset when Plaintiff refused to let him use his television on June 22, 2023. *Id*. at 11. Plaintiff had a medical call pass scheduled for 11:30 a.m. and did not want his television in use when he left for the appointment. The two inmates exchanged "words of discontent." *Id*. Cheatham then threatened to "f*ck Artis up" in the presence of C/O John Doe. *Id*. Cheatham also turned to the officer and repeated this threat, saying "he was going to f*ck Artis up." *Id*. When C/O Doe let Plaintiff out of the cell, the officer asked whether everything was going to be alright. *Id*. at 12. Plaintiff stated, "No, I do not feel safe." *Id*. C/O Doe refused to issue a ticket for intimidation or threats or remove Cheatham from the cell. *Id*.

While in Pinckneyville's Health Care Unit (HCU) that day, Plaintiff asked to speak with Dr. Farnum, a mental health professional. Plaintiff reported the threat and said he feared for his safety. Dr. Farnum said there was nothing she could do and instructed Plaintiff to write Placement Officer Hill. *Id*. Plaintiff returned to his cell and wrote to Officer Hill. *Id*.

Plaintiff also sent an emergency grievance to Warden David Mitchell. Plaintiff explained that he feared for his safety based on the threats of bodily harm he received from Cheatham. He also explained that C/O Doe and other staff were aware of the threats and refused to protect him. The grievance was deemed an emergency on June 23, 2023, but there was no investigation into the incident and no change in housing assignments. *Id*.

Cheatham attacked Plaintiff on June 24, 2023. *Id*. While beating him, Cheatham stated, "I told you and that b*tch*ss C/O I was going to f*ck you up." *Id*. at 13. Cheatham inflicted

serious injuries to Plaintiff's face, head, jaw, lips, and ribs. Once Cheatham became fatigued, Plaintiff held him off until he was taken to the HCU. *Id*.

In the HCU, Plaintiff was questioned by Md/Nurse Lori about his mental health, instead of treated for his injuries. Plaintiff requested medical treatment, and Nurse Briann said, "I don't see any blood. You not bleeding." *Id*. Plaintiff was then thrown in solitary confinement for two weeks without receiving any medical examination, treatment, or pain relief. Internal Affairs never investigated the incident or took photos of his injuries. *Id*. at 14.

Plaintiff was issued a disciplinary ticket, found guilty of fighting, and punished with two weeks of segregation, C-grade, and commissary restriction. The ticket was expunged months later after Plaintiff served the entire punishment and was moved from low aggression housing at Pontiac to high aggression housing with violent cellmates at Pinckneyville. *Id*.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

| | |
|---|---|
| Count 1: | C/O John Doe 1, Officer Hill, and Warden Mitchell failed to protect Plaintiff from assault by Inmate Cheatham on or around June 24, 2023, in violation of the Eighth Amendment. |
| Count 2: | Nurse Briann failed to provide Plaintiff with necessary medical treatment for injuries he sustained in the attack by Inmate Cheatham on or around June 24, 2023, in violation of the Eighth Amendment. |
| Count 3: | C/O John Doe 1, Officer Hill, Warden Mitchell, and/or Nurse Briann deprived Plaintiff of a protected liberty interest without due process of law in violation of the Fourteenth Amendment, when they issued him a disciplinary ticket for fighting and punished him with two weeks in segregation, C-grade, commissary restriction, and ongoing placement in high aggression housing. |

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[4]

### Preliminary Dismissals

Plaintiff mentions Dr. Farnum and Md/Nurse Lori in the statement of his claim, but does not identify either as a defendant in the Complaint. Therefore, the Court will not treat these individuals as parties, and all claims against them are dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties").

Plaintiff names I/A Officer John Doe 2 as a defendant in the Complaint but makes no allegations against this individual. Merely invoking the name of a potential defendant is not enough to state a claim. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Therefore, I/A Officer John Doe 2 will be dismissed from this action without prejudice.

### Discussion

**Count 1**

The Eighth Amendment imposes a duty on prison officials to protect inmates from violence at the hands of other inmates. *Farmer v. Brennan*, 511 U.S. 825, 833-35 (1994). A prison official violates the Eighth Amendment when the official subjects an inmate to conditions of confinement posing a substantial risk of serious harm to his health or safety and acts with deliberate indifference to that risk. *Id*.

Plaintiff's allegations state a viable claim against C/O Doe 1, who allegedly witnessed Cheatham threaten physical harm and took no steps to protect Plaintiff just before he was attacked by the same inmate. Therefore, Count 1 will receive further review against C/O Doe 1.

---

[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Count 1 will be dismissed without prejudice against Officer Hill and Warden Mitchell however. The allegations do not indicate whether Hill received Plaintiff's written request for new housing before he was attacked or knew that an inmate attack was imminent. Warden Mitchell granted the emergency grievance one day before the attack, and there is no indication that the warden knew that no action was taken on the grievance prior to the attack.

**Count 2**

An Eighth Amendment claim for the denial of medical care arises when a prison official responds with deliberate indifference to an inmate's serious medical need. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). The allegations suggest that Nurse Briann deliberately disregarded Plaintiff's requests for treatment of injuries to his head, jaw, face, and ribs following his assault and caused him to suffer prolonged pain. Therefore, Count 2 will proceed against Nurse Briann.

**Count 3**

A Fourteenth Amendment due process claim arises in the disciplinary hearing context when: (1) a protected interest necessitated due process protections in the first place; and (2) the disciplinary hearing was conducted in a manner that violated due process. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). When deciding whether a protected liberty interest was at stake, courts consider the duration of confinement in segregation and the conditions an inmate faced there. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). For shorter periods of confinement, courts typically find no protected liberty interest and end the inquiry there. For longer terms of confinement, the Court considers any "atypical and significant hardship" the plaintiff faced in segregation. *See id.* And, when a ticket is ultimately expunged, due process is satisfied by an administrative appeal that corrects the procedural error before punishment begins. *Morisette v. Peters*, 45 F.3d 1119, 1121-22 (7th Cir. 1995); *Williams v. Brown*, 849 F. App'x 154, 157 (7th Cir. 2021).

Plaintiff's time spent in segregation was short, and no defendants are identified in connection with this claim in the Complaint or exhibits. Count 3 shall therefore be dismissed without prejudice for failure to state a claim for relief against a defendant.

### Identification of Unknown Defendants

Plaintiff will be allowed to proceed with Count 1 against C/O John Doe 1 and Count 2 against Nurse Briann/Brianna, but these defendants must be identified by first and last names before service of the Complaint can be made on them. Plaintiff will have the opportunity to engage in limited discovery to ascertain their identities. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Pinckneyville Correctional Center's Warden will be added in an official capacity for purposes of identifying the defendants. Once identified, Plaintiff shall file a motion to substitute the newly identified defendants in place of the generic designations in the case caption and throughout the Complaint.

### Disposition

The Complaint survives screening pursuant to 28 U.S.C. § 1915A and proceeds, as follows:

- **COUNT 1** will receive further review against **C/O JOHN DOE 1**, in his individual capacity. This claim is **DISMISSED** without prejudice against **ALL OTHER DEFENDANTS**.

- **COUNT 2** will receive further review against **NURSE BRIANN**, in his or her individual capacity. This claim is **DISMISSED** without prejudice against **ALL OTHER DEFENDANTS**.

- **COUNT 3** is **DISMISSED** without prejudice for failure to state a claim against any defendants.

- The **WARDEN of PINCKNEYVILLE CORRECTIONAL CENTER** is **ADDED**, in an official capacity, for purposes of identifying the defendants.

For Counts 1 and 2, the Clerk shall prepare for Defendants **C/O JOHN DOE 1** and **NURSE BRIANN**, once identified, and **WARDEN of PINCKNEYVILLE CORRECTIONAL**

6

**CENTER**, in an official capacity only: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants C/O John Doe 1 and Nurse Briann are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply. 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants Doe 1 and Briann need only respond to the issues stated in this Merit Review Order**.  **The Warden of Pinckneyville Correctional Center need only appear and not answer**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though he was granted *in forma pauperis* status. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not

7

independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**The Clerk's Office is DIRECTED to ADD the WARDEN of PINCKNEYVILLE CORRECTIONAL CENTER, in an official capacity; TERMINATE Defendants DAVID MICHELL/MITCHELL, OFFICER HILL, and I/A OFFICER JOHN DOE 2 as parties in CM/ECF; and ENTER this Court's standard HIPAA-Qualified Protective Order.**

IT IS SO ORDERED.

DATED: April 24, 2024

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

Once identified, the Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.