UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MONTEZ ARTIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:24-cv-00078-GCS |
| | ) |
| JOHN BARWICK, DUSTIN BUTLER, | ) |
| and BRIONNA TENFELDE[1], | ) |
| | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

This matter is before the Court on Defendant Tenfelde's motion to set aside default. (Doc. 37). The waiver of service was returned executed with an answer due on September 9, 2024. (Doc. 27). Defendant Tenfelde however, did not file a responsive pleading by that date. Thus, the Court, on October 30, 2024, directed the Clerk of the Court to enter default pursuant to Rule 55(a) and directed Plaintiff to move for default pursuant to Rule 55(b). (Doc. 33). On October 31, 2024, the Clerk of the Court filed the entry of default. (Doc. 34). On November 8, 2024, Defendant Tenfelde filed a Motion to Set Aside Default Judgment. (Doc. 37). That same day Plaintiff filed a Motion for Default Judgment to be entered against Defendant Tenfelde. (Doc. 38).

---

[1] Defendant Tenfelde is improperly named in the docket. The Court **DIRECTS** the Clerk to correct Defendant Tenfelde's name to the proper spelling: Brionna Tenfelde.

Pursuant to Rule 55(c), "[t]he court may set aside an entry of default for good cause." FED. R. CIV. PROC. 55(c). "In order to vacate an entry of default the moving party must show: 1) good cause for default, 2) quick action to correct it, and 3) [a] meritorious defense to plaintiff's complaint." *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-631 (7th Cir. 2009). The standard for setting aside an entry of default is the same as that for setting aside a default judgment but is applied more liberally. *See Cracco*, 559 F.3d at 631.

Defendant Tenfelde acted quickly to resolve the issue as counsel filed a Motion to Set Aside Default Judgment on November 8, 2024. (Doc. 37). This is also the same day that counsel entered their appearance in the matter. (Doc. 36). In the Motion to Set Aside Default, Defendant states that this was the first time she had been named as a defendant in litigation, and she sent the complaint to managers at Wexford Health on July 28, 2024, believing that counsel would be retained on her behalf. (Doc. 37, p. 2). As such, the Court believes Tenefelde has demonstrated good cause, as she was not aware that counsel was not assigned to her. Lastly, Defendant Tenfelde has presented a meritorious defense in that she denies Plaintiff's allegations. (Doc. 37, p. 3). Given that defaults are disfavored and the standard for vacating an entry of default is liberally applied, the Court finds that Defendant has met the requirements of Rule 55(c).

Accordingly, the Court **GRANTS** the motion to set aside entry of default. (Doc. 37). Further, the Court **DENIES as moot** Plaintiff's Motion for Default Judgment. (Doc. 38). The Court **DIRECTS** Defendant Tenfelde to respond to the complaint *instanter*.

**IT IS SO ORDERED.**

**DATED: November 14, 2024.**

Digitally signed by Judge Sison
Date: 2024.11.14 11:53:54 -06'00'

_____
**GILBERT C. SISON**
**United States Magistrate Judge**